UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **JENNIFER S. MISTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:19-cv-00341-JD-SLC |
| ) | |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY**, *sued as Andrew Saul,* ) | |
| *Commissioner of the Social Security* ) | |
| *Administration,* ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff Jennifer S. Mister appeals to the district court from a final decision of the Commissioner of Social Security ("Commissioner") denying her application under the Social Security Act (the "Act") for Supplemental Security Income ("SSI"). (ECF 1). The appeal was referred to the undersigned Magistrate Judge on November 6, 2019, by Chief District Judge Jon E. DeGuilio pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b) for the issuance of a Report and Recommendation. (ECF 13). Mister filed her opening brief on January 27, 2020, together with a separate medical summary, and the Commissioner filed his response brief on February 27, 2020. (ECF 18-20). Mister failed to file a reply brief, and her time do so has passed. N.D. Ind. L.R. 7-1(d)(3)(B). Therefore, the matter is now ripe for ruling.

Having reviewed the record and the parties' arguments, I RECOMMEND that the Commissioner's decision be AFFIRMED. This Report and Recommendation is based on the following facts and principles of law.

## I. FACTUAL AND PROCEDURAL HISTORY

Mister applied for SSI in March 2016, alleging disability as of November 1, 2015. (ECF 10 Administrative Record ("AR") 180-82). Mister's application was denied on initial consideration and on reconsideration. (AR 90-129). A hearing was held on January 8, 2018, before administrative law judge ("ALJ") John Carlton, at which Mister, who appeared unrepresented by counsel, and a vocational expert ("VE") testified. (AR 36-71). On August 23, 2018, the ALJ rendered an unfavorable decision to Mister, concluding that she was not disabled because despite the limitations caused by her impairments she could perform a significant number of light-exertional jobs in the economy, including collator, inspector/hand packager, and routing clerk. (AR 13-25).

On November 19, 2018, Mister's counsel of record began representing her in the administrative action. (AR 32). About six months later, on May 31, 2019, the Appeals Council denied Mister's request for review (AR 1-5), at which point the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 416.1481.

Mister, by counsel (ECF 3, 4), filed a complaint with this Court on August 3, 2019, seeking relief from the Commissioner's final decision (ECF 1). Mister advances just one argument on appeal—that the ALJ breached his special duty to develop a full and fair record for her as an unrepresented claimant. (ECF 18 at 14-17).

At the time of the ALJ's decision, Mister was forty-six years old (AR 180); had a ninth grade education (AR 204); and had past work experience as a cutter/inspector, machine operator/gluer, and packer/machine operator (AR 211). Mister alleges disability due to chronic obstructive pulmonary disease (COPD), degenerative disc disease, trochanteric bursitis of the

2

right hip, chronic pain syndrome, knee problems, obesity, bilateral leg edema, anxiety, and depression. (ECF 18 at 8-9; *see also* AR 203).

## II. STANDARD OF REVIEW

Section 405(g) of the Act grants this Court "the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court's task is limited to determining whether the ALJ's factual findings are supported by substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (citation omitted). The decision will be reversed only if it is not supported by substantial evidence or if the ALJ applied an erroneous legal standard. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) (citation omitted).

To determine if substantial evidence exists, the Court reviews the entire administrative record but does not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for the Commissioner's. *Id.* Rather, if the findings of the Commissioner are supported by substantial evidence, they are conclusive. *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003) (citation omitted). "In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether [the claimant] is disabled, we must affirm the ALJ's decision denying benefits." *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996).

## III. ANALYSIS

### A. *The Law*

Under the Act, a claimant is entitled to SSI if she establishes that she "is unable to engage

in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

The Commissioner evaluates disability claims pursuant to a five-step evaluation process, requiring consideration of the following issues, in sequence: (1) whether the claimant is currently unemployed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment or combination of impairments meets or equals one of the impairments listed by the Commissioner, *see* 20 C.F.R. Part 404, Subpart P, App'x 1; (4) whether the claimant is unable to perform her past work; and (5) whether the claimant is incapable of performing work in the national economy.[1] *See Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001) (citations omitted); 20 C.F.R. § 416.920. An affirmative answer leads either to the next step or, on steps three and five, to a finding that the claimant is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001) (citation omitted). A negative answer at any point other than step three stops the inquiry and leads to a finding that the claimant is not disabled. *Id.* (citation omitted). The burden of proof lies with the claimant at every step except the fifth, where it shifts to the Commissioner. *Clifford*, 227 F.3d at 868 (citation omitted).

---

[1] Before performing steps four and five, the ALJ must determine the claimant's RFC or what tasks the claimant can do despite her limitations. 20 C.F.R §§ 416.920(e), 416.945(a). The RFC is then used during steps four and five to help determine what, if any, employment the claimant is capable of. 20 C.F.R. § 416.920(e).

4

*B. The Commissioner's Final Decision*

On August 23, 2018, the ALJ issued the decision that ultimately became the Commissioner's final decision. (AR 13-25). At step one of the five-step analysis, the ALJ found that Mister had not engaged in substantial gainful activity since her application date, March 17, 2016. (AR 15). At step two, the ALJ found that Mister had the following severe impairments: COPD, degenerative disc disease, obesity, depression, and anxiety. (AR 16). At step three, the ALJ concluded that Mister did not have an impairment or combination of impairments severe enough to meet or equal a listing. (AR 17).

Before proceeding to step four, the ALJ determined that Mister's allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 20). The ALJ then assigned her the following RFC:

> [T]he claimant has the [RFC] to perform light work as defined in 20 CFR 416.967(b) except no climbing ladders, ropes, or scaffolds; no work on slippery or uneven surfaces; occasional climbing ramps and stairs; occasional balancing, stooping, crouching, crawling, and kneeling; no work at unprotected heights or around dangerous machinery; indoor temperature controlled environment with no exposure to excessive heat, cold, humidity, fumes, odors, gases, or other pulmonary irritants; simple routine tasks not done at production rate pace.

(AR 19). The ALJ found at step four that Mister had no past relevant work. (AR 23). At step five, the ALJ concluded that Mister could perform a significant number of light, unskilled jobs in the economy, including collator, inspector/hand packager, and routing clerk. (AR 23-24). Therefore, Mister's application for SSI was denied. (AR 25).

*C. Development of the Record*

Mister's sole argument on appeal is that the ALJ breached the special duty to develop a full and fair record for her as an unrepresented claimant. (ECF 18 at 14-17). Specifically,

5

Mister contends that the ALJ failed to fulfill his duty at step five to inquire into the methodology the VE employed to arrive at the number of representative jobs. (*Id.*). For the following reasons, Mister's argument is unpersuasive.

"Although a claimant has the burden to prove disability, the ALJ has a duty to develop a full and fair record." *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000) (citing *Thompson v. Sullivan*, 933 F.2d 581, 585 (7th Cir. 1991)). And when a claimant is unrepresented by counsel, the ALJ must "scrupulously and conscientiously probe into, inquire of and explore for all the relevant facts." *Skinner v. Astrue*, 478 F.3d 836, 841-42 (7th Cir. 2007) (citation and internal quotation marks omitted); *see also Nelson v. Apfel*, 131 F.3d 1228, 1235 (7th Cir. 1997); *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994). Once the Commissioner establishes that the record was developed fully and fairly, "the plaintiff has the opportunity to rebut this showing by demonstrating prejudice or an evidentiary gap." *Binion*, 13 F.3d at 245. "Prejudice may be demonstrated by showing that the ALJ failed to elicit all of the relevant information from the claimant." *Id*. (citations omitted).

Here, the ALJ inquired at length into Mister's subjective complaints, diagnoses, treatment history, medications, and daily routine. (AR 41-64). The hearing lasted approximately 50 minutes. (AR 36-71). At the end of this questioning, the ALJ asked Mister whether there was anything else she wanted to tell him about her various conditions, explaining that "this is kind of the opportunity to do it." (AR 62). He gave her another opportunity to do so after the VE's testimony just prior to closing the hearing. (AR 68-69). Mister does not identify any specific impairments, symptoms, or conditions that the ALJ failed to inquire about. (ECF at 14-17). Courts "generally respect the [ALJ's] reasoned judgment" with respect to how much

6

evidence to gather, *Luna v. Shalala*, 22 F.3d 687, 692 (7th Cir. 1994), and thus a significant omission is usually required before a court will find that a remand is warranted on this basis. *Nelson*, 131 F.3d at 1235; *see also Simons v. Saul*, — F. App'x —, 2020 WL 3124238, at *4 (7th Cir. June 12, 2020). In other words, "the omission must be prejudicial." *Nelson*, 131 F.3d at 1235. "Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand." *Id.* (quoting *Binion*, 13 F.3d at 246); *see also Simons*, 2020 WL 3124238, at *4.

Here, Mister argues that the ALJ erred by not inquiring into the VE's methodology as to how he arrived at the representative number of jobs at step five. In that regard, it is well-settled that an ALJ may rely on a VE's testimony about the number of jobs consistent with a claimant's RFC. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019); *Krell v. Saul*, 931 F.3d 582, 584 (7th Cir. 2019); *Weatherbee v. Astrue*, 649 F.3d 565, 569 (7th Cir. 2011). While an ALJ must obtain an explanation from the VE about the basis of his testimony if there is an apparent discrepancy or problem, *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002), Mister does not point to any apparent discrepancy or problem in the instant circumstances that the ALJ overlooked.

Furthermore, the ALJ gave Mister the opportunity to ask questions of the VE, but she declined to do so (AR 67-68); thus, Mister never challenged the basis for the VE's testimony at the hearing. "[A]n ALJ is entitled to rely on unchallenged VE testimony." *Zblewski v. Astrue*, 302 F. App'x 488, 494 (7th Cir. 2008) (citations omitted)). Mister fails to point to any authority that states an ALJ is required to probe into the VE's methodology about the number of representative jobs where the claimant did not challenge the VE's methodology at the hearing. *Cf. Chavez v. Berryhill*, 895 F.3d 962, 970 (7th Cir. 2018) ("Before accepting a VE's job-number

7

estimate, the ALJ, *when confronted by a claimant's challenge*, must require the VE to offer a reasoned and principled explanation." (emphasis added)); *see Peck v. Colvin*, No. CV 12-577 AGR, 2013 WL 3121280, at *4 (C.D. Cal. June 19, 2013) (rejecting the claimant's argument that the ALJ was required to probe the methodology of the VE where the claimant appeared unrepresented at the hearing but did not challenge the VE's methodology).  In fact, Mister, who secured counsel six months prior to the Appeals Council's denial of review (AR 1, 32), has *still* not identified an actual discrepancy or problem with the VE's testimony. *See Glenn v. Sec'y of Health & Human Servs.*, 814 F.2d 387, 391 (7th Cir. 1987) (explaining that a claimant who is represented by counsel is presumed to have advanced her "strongest case for benefits").

Moreover, this is not a case where the ALJ failed to effect a valid waiver of counsel. *See generally Skinner*, 478 F.3d at 841 ("The ALJ's failure to obtain a valid waiver of counsel heightens his  duty to develop the record." (citations omitted)).  To ensure a valid waiver of counsel, the ALJ must explain to a *pro se* claimant:  "(1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of fees." *Binion*, 13 F.3d at 245 (citation omitted); *see also Skinner*, 478 F.3d at 841; *Thompson*, 933 F.2d at 584.  The ALJ fulfilled all three of these requirements through various papers sent to Mister by the Social Security Administration prior to the hearing and through statements he made to her at the beginning of the hearing.  (*See* AR 38-41, 132, 136, 142, 145-48, 156, 161-62, 177-78).

In sum, the ALJ fully and fairly developed the record, exploring all the relevant facts; properly relied on the VE's testimony; and obtained a valid waiver of counsel.  As such, Mister's

8

sole argument on appeal fails to warrant a remand of this case. The Commissioner's final decision should be affirmed.

## IV.  CONCLUSION

For the foregoing reasons, I RECOMMEND that the Commissioner's final decision be AFFIRMED.  The Clerk is directed to send a copy of this Report and Recommendation to counsel for the parties.  NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations.  Fed. R. Civ. P. 72(b).  FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.  *See generally Thomas v. Arn*, 474 U.S. 140 (1985); *Lerro v. Quaker Oats Co.*, 84 F.3d 239, 241-42 (7th Cir. 1996).

Entered this 16th day of July 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge